**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 12-01268 EAG |
| RAFAEL ANGEL RODRIGUEZ MOJICA, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 05/20/2013 |

**OPINION AND ORDER**

On March 21, 2013, the court dismissed debtor Rafael Angel Rodriguez Mojica's chapter 11 small business case both for failure to comply with an order to show cause and for failure to confirm a plan within the deadline provided by Section 1129(e), as extended by the court.[1]  (Docket No. 138.)  Pending before the court is debtor's motion for reconsideration of the dismissal order. (Docket No. 143.)  For the reasons stated below, the court denies debtor's motion.

On February 23, 2012, debtor filed a voluntary petition of relief under chapter 11 of the Bankruptcy Code, self-designating as a small business under Section 101(51D).  (Docket No. 1.) Debtor filed his disclosure statement and plan on November 13, 2012.  (Docket Nos. 82, 83.) Pursuant to Section 1129(e), the 45-day deadline to confirm the plan was thus set as December 28, 2012.  At a hearing held December 20, 2012 on final approval of the disclosure statement and confirmation, the court directed debtor to file a motion to extend the deadline to confirm to February 22, 2013 after it became apparent that debtor would be unable to satisfy the requirements for confirmation prior to the expiration of the current deadline.  (Docket No. 109.)  Debtor was also

---

[1] All references to the "Code," "Bankruptcy Code," or to specific statutory sections are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. § 101, et seq.

ordered to file an amended disclosure statement by January 3, 2013.  Id.  Debtor filed a motion to extend the confirmation deadline that same day.[2]

Debtor did not file an amended disclosure statement within the term given, and on February 1, 2013, the court entered an order to show cause as to why the case should not be dismissed due to debtor's failure to comply with the court's order.  (Docket No. 115.)  The court subsequently granted debtor's request for an extension of time to respond to the order to show cause.  (Docket Nos. 118, 120.)  On March 21, 2013, however, after debtor had still not responded, and in light of the fact that debtor had failed to confirm a plan within the Section 1129(e) deadline as extended by the court, the court dismissed the case.  (Docket No. 138.)

In his motion for reconsideration, debtor argues that the proceedings should have been stayed, and, by extension, the case not dismissed, due to a motion to withdraw legal representation filed by debtor's attorney on February 28, 2013.  (Docket No. 143.)  This argument is unpersuasive for several reasons.

As an initial matter, debtor's failure to comply timely with an order to show cause and to confirm a plan within the 45-day deadline, as extended by the court, both serve as independent bases for dismissal.  Section 1112(b)(4) includes as "cause" to dismiss both "failure to comply with an order of the court" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."  11 U.S.C. § 112(b)(4)(E) and (J).  Furthermore, courts have held that the Bankruptcy Court has the authority, sua sponte, to dismiss a bankruptcy case for cause.  Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869 (9th Cir. 2004) ("Section 105(a)

---

[2] Debtor's motion actually requested an extension only to January 20, 2013 rather than February 22, 2013, as contemplated at the hearing.  (Docket No. 105.)  Regardless, viewing the facts in the most favorable light towards debtor for purposes of this motion, the court will proceed as if the deadline was extended to February 22, 2013.

makes 'crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case."); C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304, 1312 (2d Cir. 1997) ("When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so.").

Debtor's reliance on the motion to withdraw representation is misplaced, as it does not account for the fact that both the deadline to confirm the plan and to respond to the order to show cause had expired prior to the filing of the request to withdraw representation. If debtor required more time to comply with either deadline, he should have requested such relief from the court in the manner provided by the Code. Indeed, the court had previously granted debtor an extension to respond to the order to show cause, and the deadline to confirm the plan had already been extended once before. (Docket Nos. 107, 118, 120.)

More fundamentally, however, leaving aside the order to show cause for a moment, debtor's request for reconsideration fails to take into consideration the impact of not confirming the plan within the Section 1129(e) deadline. The Code provides that an extension to the deadline to confirm the plan can only be granted if, among other things, "the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C). Due to the wording of this provision, if a small business plan is not confirmed within the deadline, the court has no choice other than to dismiss the case, except for perhaps in rare circumstances not applicable here. In re Caring Heart Home Health Corp., 380 B.R. 908, 910 (Bankr. S.D. Fla. 2008) (the statute requires denial of an untimely motion to extend the 45-day confirmation deadline under Section 1129(e) and dismissal of the Chapter 11 case); In re CCT Communs., Inc., 420 B.R. 160, 174-76 (Bankr. S.D.N.Y. 2009)

3

(the failure of a small business debtor to confirm a plan within the 45-day deadline constitutes "cause" under Section 1112(b)(4)(J) and the court must dismiss or convert unless it determines that one or more of several limited exceptions applies). It then follows that in this case, once debtor failed to confirm the plan or obtain another extension by the February 22, 2013 deadline, the court had no recourse other than to dismiss the case. The subsequent request to withdraw representation filed by debtor's attorney after the deadline had already expired has no bearing on this analysis.

In view of the above, the court hereby DENIES debtor's motion for reconsideration of dismissal. (Docket No. 143.)

In Ponce, Puerto Rico, this 20th day of May, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge